**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **MIGUEL A. MORALES, JR.,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-12946-DJC |
| **JUDGE KATZMANN, et al.,** | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                         March 3, 2016

For the reasons set forth below, the Court grants plaintiff's motion to amend and advises plaintiff that the amended complaint is subject to dismissal. If plaintiff wishes to proceed with this action, he must (1) show cause why his amended complaint should not be dismissed pursuant to 28 U.S.C. § 1915A and (2) either pay the $400.00 filing fee or file an Application to Proceed *in forma pauperis* accompanied by a certified copy of his prison account statement.

## BACKGROUND

Plaintiff Miguel A. Morales, Jr. ("Morales"), an inmate now confined to MCI Cedar Junction, initiated this action on July 10, 2015, by submitting, in six different envelopes, pieces of a civil rights complaint. See D. 1. In a cover letter accompanying the documents, Morales writes that because of "possible interference by officers that [Morales] is suing, [he is] forced to send this document in pieces at a time." Morales failed to pay the $350.00 filing fee or a waiver thereof. See Docket.

Less than three weeks later, on July 27, 2015, Morales filed a motion to amend

accompanied by a proposed amended complaint.  See D. 4.  The amended complaint is brought pursuant to 42 U.S.C. § 1983 and names as defendants three state court judges, an assistant district attorney and a legal intern for the district attorney.  Id.

## DISCUSSION

### I. Motion to Amend

Generally, a party may amend its pleading as a matter of right if it does so within 21 days after serving it.  Fed. R. Civ. P. 15(a)(1). Here, Morales sought to file an amended complaint 21 days after filing his original complaint and before service of the complaint.   Thus, Morales may amend his complaint as a matter of course and his motion is allowed.   As an amended complaint normally supersedes the original pleading, see ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), the amended complaint replaces the original complaint.

### II. Screening Pursuant to 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).   An action fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Additionally, a Court has an obligation to inquire *sua sponte* into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal district courts may exercise subject matter jurisdiction in accordance with congressional grants of authority such as for suits raising federal questions, 28 U.S.C. § 1331, and those involving diversity of citizenship and at least the minimum requisite amount in controversy, id. § 1332. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005).

In conducting this review, the Court reads Morales' amended complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to his *pro se* status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n.l (1st Cir. 1997) (noting obligation to construe *pro se* pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Here, the allegations in the complaint fail to state a claim against the defendants.

### III.   Discussion

To the extent plaintiff seeks damages based on the outcome of proceedings in the Massachusetts state courts, this court lacks subject matter jurisdiction to hear such a claim because a decision in Morales' favor would undermine the state court judgment. See Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 65 (1st Cir. 2008) (stating that the Rooker–Feldman doctrine, "in broad terms, deprives the district court of subject matter jurisdiction over a final judgment of a state court"); Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir.2008) (the Rooker–Feldman doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.") (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. at 291).

Even giving the amended complaint the most liberal construction, plaintiff fails to state a civil rights claim against any of the five defendants. To the extent Morales challenges the application of Mass. Gen. Laws ch. 233, § 21 (proof of conviction of crime to undermine credibility) at his criminal trial such they he should be entitled to a new trial, see Am. Compl. at p. 7, after exhausting his state court remedies, he may seek habeas relief pursuant to 28 U.S.C. § 2254.

To the extent Morales seeks transfer to MCI Framingham, without more there is no due process right per se to be housed in any particular facility. Montayne v. Haynes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224 (1976).

Morales' claims against Judges Katzmann, Meade and Rubin are not legally cognizable because they are judicially immune from Morales' causes of action. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (noting that doctrine of absolute judicial immunity protects judges from suit for any action taken within the judge's jurisdiction and in his or her judicial capacity); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (stating that "immunity applies even when the judge is accused of acting maliciously and corruptly").

Defendants Sachse and Wright are entitled to absolute prosecutorial immunity for their actions in connection with the prosecution. Imbler v. Pachtman, 424 U.S. 409, 422 (1976) (absolute judicial immunity extends to prosecuting attorneys acting within the scope of their official duties); Reid v. New Hampshire, 56 F.3d 332, 337 (1st Cir. 1995).

Finally, to the extent Morales alleges that a defendant engaged in negligence resulting in his loss of property, such a claim is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 335–36 (1986). To the extent plaintiff is alleging that a defendant intentionally caused

4

him to lose property, such a claim is not actionable under § 1983 where the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981).  Morales has failed to demonstrate that he is entitled to relief concerning allegedly missing personal property.

Even under a generous reading, the amended complaint fails to state a claim upon which relief may be granted and is subject to dismissal.  Accordingly, if the plaintiff wishes to pursue this action, he must address the filing fee issue and also show cause why the amended complaint should not be dismissed.

**IV.   Filing Fee**

A litigant filing a complaint in this Court must either (1) pay the $350 filing fee and the $50 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915.  Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

If Morales wishes to proceed with this action, he either shall (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed,

see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff will remain obligated to pay the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997).

### V.     Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1) The motion (D. 4) to amend the complaint is ALLOWED. The Clerk is directed to enter the amended complaint on the docket as a separate docket entry;

2) If Plaintiff wishes to proceed with this action, he must, within 42 days of the date of this Memorandum and order, (1) either (a) pay the $400.00 filing and administrative fees; or (b) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement; and (2) show cause why the amended complaint should not be dismissed for the reasons set forth herein. Failure of the plaintiff to comply with these directives will result in the dismissal of this action;

3) The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs; and

4) No summonses shall issue pending further Order of the Court.

**SO ORDERED.**

          /s/ Denise J. Casper
Denise J. Casper
United States District Judge