UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Eastern Division                                                C.A. No. 15-12946-DJC

Miguel A. Morales, Plaintiff

V.

Judge Katzmann, Defendant One

Judge Meade, Defendant Two

Judge Rubin, Defendant Three

Helle Sachse, Defendant Four

Timothy Wright, Defendant Five

COMPLAINT

PARTIES AND JURISDICTION

1) The Plaintiff is currently incarcerated in the Department of Correction and is located at MCI Cedar Junction at 2405 Main Street at South Walpole, Massachusetts.

2) Defendants One, Two, and Three are Judges of the Appeals Court of Suffolk County at the John Adams Courthouse at One Pemberton Square Boston, Massachusetts

3) Defendants Four (which is the Assistance District Attorney of Suffolk County) and Five (which is a Legal Intern that goes for a education in an area that the Plaintiff is unaware of) acted as co workers may be found working at the District Attorney's Office of Suffolk County at One Bulfinch Place at Boston, Massachusetts.

4) Defendants are being sued by the Plaintiff under the Civil Rights Act of 42 U.S.C. §1983.

5) This Court has subject matter jurisdiction under 28 USC §1331 and §1332 (in case of any of the Defendants move and/or have moved to another area) in the fact that this civil action is a suit in equity; and to where this Court is authorized to address the deprivation of rights immunities and privileges, under the color of law; and to where this Court is authorized to make a determination of whether or not the Plaintiff is entitled to the reliefs named in this Complaint.

6) The Plaintiff and the Defendants are citizens of the United States and are and/or have been

residents in the State of Massachusetts.

## NATURE OF ACTION

7) The Plaintiff sues the Defendants for injunctive and declaratory relief under Fed. R. Civ. P. 57 and 65 and 28 USC §2201 for this Court to determine whether or not: the Defendants are responsible for ensuring that M.G.L. 233 §21 is not repealed so as to deprive the Constitutional rights of the Plaintiff; and if the Defendants violated Article VI, and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution, for all of their actions against the Plaintiff.

## CAUSE FOR ACTION AND CLAIM FOR RELIEF

8) From November 2013 to May 2015 the Plaintiff had an appeal in the State Court in the John Adams Courthouse in Boston, Massachusetts. On or around April 2014 the Plaintiff had filed his Appellate Brief, but had to make several corrections to where he had filed it by June 9, 2014. By September of 2014 the Appellee had filed their brief using the Legal Intern Timothy Wright. On December 16, 2014, the Appeals Court had filed the Plaintiff's motion to dismiss the appellee's brief but would not take action on the motion because the motion wasn't filed by his attorney.

9) In the Plaintiff's motion filed on December 16, 2014 had contradicted the Appellee's Brief completely, where the Plaintiff had pointed out the unconstitutionality of the Appellee's Brief and the case laws that were named inside of it. In the Plaintiff's Supplemental Brief the Plaintiff had signed his brief as " Pro Se (with his assistance)", and unknowingly the Plaintiff did not know about a case law named Commonwealth v. Molino that was against the way the Plaintiff had signed his Supplemental Brief, where the case law of Commonwealth v. Molino defines " hybrid representation " as " representation by one part Counsel and one part the Defendant " and that it suggests " that hybrid representation is not a right " that the " Defendant can choose to represent himself pro se or submit to full participation by Counsel," but where " in the latter the Defendant gives up his right to represent himself "; and this had forced the Plaintiff to point out the unconstitutionality of Commonwealth v. Molino in his Motion to Dismiss the Appellee's Brief,

Page 3
Lines A | filed by the Appeals Court on December 16, 2014. Therefore, when the Court wouldn't
B | take action on the Plaintiff's motion because it wasn't filed by Counsel that it
C | violated the Plaintiff's right to Due Process of Law and Procedure under the Fifth and
D | Fourteenth Amendments of the United States Constitution; and this is mainly because
E | the phrase " Pro Se " according to the Third Edition of the Ballentine's Law Dictionary
F | means " for himself, for herself, for itself, for theirselves, for themselves," and that
G | the Sixth Amendment of the United States Constitution (which is shown in the applicable
H | part [In all criminal prosecutions, the accused shall enjoy the right to a speedy and
I | public trial and... to have assistance of Counsel for his defense]) allows the Plaintiff
J | to enjoy the right to have assistance of Counsel for his defense, and so when the
K | Plaintiff wants to represent himself with his assistance of Counsel, that the
L | Plaintiff can do that; especially when the A.D.A. represents the entire State and
M | practically has the entire State for help. This means that forcing the Plaintiff to
N | either " represent himself or submit to full participation by Counsel " for the Plaintiff
O | to move in Court forces the Plaintiff to enjoy a Constitutional right, instead of
P | voluntarily and freely enjoying a Constitutional right; that the Plaintiff is subjected
Q | to the infliction of cruel and unusual punishment in the deprivation of the Due Process
R | of the Supremacy of the United States Constitution, but most particularly the Sixth
S | Amendment of the United States Constitution, through the enforcement of a law but most
T | particularly a case law named Commonwealth v. Molino, that has construed the United
U | States Constitution against itself to deny the Plaintiff the immunity of enjoying the right
V | to assistance of Counsel in the way that he deems fit especially in the presence of a
W | larger opposing party being the Appellee; that when Defendants Four and Five had
X | argued against the Plaintiff in his appeal but to where Defendants Four and Five
Y | had supported the enforcement of the case law of Commonwealth v. Molino; that
Z | when the Defendants One, Two, and Three had failed to take action on the
Ø | Plaintiff's Motion to Dismiss the Appellee' Brief (that was against the enforcement of

| | |
|---|---|
| the case law of Commonwealth v. Molino) in favor of the Appellee; that because the | Page 4 Lines A |
| Appeals Court wouldn't take action on the Plaintiff' motion because the motion | B |
| (although the motion was signed Pro Se by the Plaintiff) was not filed by "Counsel" | C |
| in the Definition that the Appeals Court relies on in favor of the case law of | D |
| Commonwealth v. Molino; that all of the Defendants violated the Fifth, Sixth, | E |
| Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. | F |
| 10) Regardless of the fact that the Plaintiff had not represented himself as his own | G |
| Counsel the point was his motion had pointed the unconstitutionality of Commonwealth | H |
| v. Molino. The Plaintiff had also pointed out the unconstitutionality of allowing the Legal | I |
| Intern to write up the Appellee's Brief which was based on the Plaintiff showing that | J |
| in his Supplemental Brief that IT is his right as the accused to have a public | K |
| trial, and that if he wanted a private trial that it is within his Constitutional | L |
| rights under the Sixth Amendment of the United States Constitution. However in his | M |
| supplemental brief the Plaintiff also had pointed out that if his appeal was denied that | N |
| he would be forced to adhere to a religious belief, because he would be forced to stay | O |
| in an environment that separates male and female prisoners and denies them social | P |
| interaction; and the Plaintiff had showed how it was a religious belief to separate males | Q |
| from females and deny them the ability to interact socially in the presentment of the case law | R |
| of Bollenbach v. Board Of Education 659 F. Supp 1450 (1987) ("In accordance with the | S |
| Jewish religious tenets which are limited to the Satmar sect in this case law that in | T |
| their ".. Hasidic religious observance, which prohibit social interaction between the sexes | U |
| the UTA" (United Talmudic Academy) "maintains separate schools for males and females," | V |
| and compared it to M.G.L.A 127 §22((which is written in part: "Male and female | W |
| prisoners shall not be put or kept in the same room, in a jail or house of correction... | X |
| except while at labor or assembled for moral or religious instruction, at which time no | Y |
| communication shall be allowed between prisoners of different classes," ) and had shown | Z |
| M.G.L.A. 268 §29 only as a reference) so as to show how he would be forced to adhere | Ø |
| to different religious belief than his own. The Plaintiff showed these Defendants references | 1 |

Page 5
Lines

A  of 103 CMR 471.07(1)(b), M.G.L.A. 127 §88 and Article 46 Section 4 of the

B  Massachusetts Constitution as a reference of how if he is forced to adhere to a religious

C  belief. Basically the Plaintiff had wrote "that unless the Commonwealth of Massachusetts

D  repeals M.G.L.A. 127 §§20, 21, 22, 83A and 83B; M.G.L.A. 265 §34; M.G.L.A. 268

E  §§21A and 29 and M.G.L.A. 272 §§18 and 36; and transfers Morales to a facility

F  or a unit of any facility that is not, has not been and will not be designated for males

G  only such as MCI-Framingham that he would be compelled to live in a place where the

H  church is not separated from the State. Although the Defendants had pointed out that

I  the Plaintiff was not entitled to the transfer using case laws that the Plaintiff's

J  Supplemental Brief was self explanatory in that he explained the Supremacy of Article

K  VI of the United States Constitution of how the United States Constitution is the Supreme

L  Law of the Land and how all Judges are bound to it and how no Law exceeds it, in the

M  First paragraph of the First page of his supplemental brief; and that when he had pointed

N  out how he would be subjected to the INFLICTION of cruel and unusual punishment

O  in violation of the Eighth and Ninth Amendments of the United States Constitution (if he

P  is forced to adhere to a religious belief through the enforcement of a State law which

Q  would violate the First and Fourteenth Amendments of the United States Constitution) that by

R  right IN ORDER for the Defendants One, Two, and Three to deny the Plaintiff's appeal

S  that the Plaintiff had to be transferred to avoid a violation of the First, Eighth, Ninth,

T  and Fourteenth Amendments of the United States Constitution; in the fact that the

U  management of separating males from females is already unconstitutional because the

V  separation is based on a religious belief; and in the fact that the initial designation of

W  a facility such as MCI-CedarJunction was to house only males; and so even if the laws

X  were removed that it still wouldn't change the unconstitutionality of the environment

Y  because until women are placed with man that the environment would still involve the

Z  separation of opposite genders; and therefore, to avoid such violation the Plaintiff would

Ø  have to be placed in a coeducational prison, but no such prison exists; so such prison

Page 6
Lines A

would have to be created; but because the Plaintiff does n't have the power to have a

coeducational prison to be built, that the Plaintiff would have to make an existing prison

to be a coeducational prison; that a placement of a male with females in a prison is

still a coeducational prison; so by transferring to Massachusetts Correctional Institute of

Framingham in Framingham, Massachusetts would cause MCI-Framingham to be coeducational

enough for the Plaintiff to transfer to. Now for the Defendants to be against this that

they had to support the Plaintiff's release and that was because the Plaintiff had even

outlined the Establishment Clause of the First Amendment of the United States Constitution, in

his Supplemental Brief. "Whereas the Establishment Clause is more than a pledge that no

single religion will be designated as a State religion and more than a mere injunction that

governmental programs that discriminate among religions are unconstitutional. Basically

the Defendants had subjected the Plaintiff to the infliction of cruel and unusual punishment in

violation of the Eighth Amendment of the United States Constitution when the Defendants had

supported keeping the Plaintiff incarcerated after the Plaintiff had pointed out that he does

not believe in the separation of males and females and the denial of social interaction between

male and female prisoners and how it was Jewish belief to separate males and females and

deny social interaction between males and females and how forcing the Plaintiff to adhere

to religious belief violated the First Amendment of the United States Constitution. Furthermore,

the Plaintiff was entitled to his appeal because he had pointed out that the victim

(named Patrick King) had not appeared in Court in any stage of the trial and that the

Commonwealth of Massachusetts could not rely on a testimony by an EMT (whom saw a stab

wound on the victim but had not saw the stabbing) in the fact that the EMT would fall in the

category of a "neutral witness" instead of a "witness against Morales" in definition

of the Sixth Amendment of the United States Constitution (which is written in part: "In all

criminal prosecutions, the accused shall enjoy the right to... be confronted with the

witnesses against him.") and that through the Due Process of Law and Procedure, that

the Fifth and Fourteenth Amendments of the United States Constitution, the Plaintiff was

entitled to facing his accuser in order to be prosecuted in the first place.

Page 7
Lines

A | 11) In Crawford v. Washington 541 U.S. 36 (2004) a Judge ruled that prosecutors
B | could not rely on an alternate testimony to prosecute a Defendant for a crime when the
C | original witness did not appear. The Plaintiff shows this to the Court and the Defendants
D | to show that the Plaintiff was entitled to a whole new trial; and still is, but because of
E | the management of the Department of Correction and enforcement of laws similar to M.G.L.A
F | 127 §22 in every territory of the United States, that the Plaintiff cannot be legally detained
G | detained and/or transferred and/or sentenced in any jail, house of correction and/or
H | correctional facility and/or penal facility and/or prison, and/or place of rehabilitation
I | until the Laws, Rules, Regulations, and/or Practices against tattooing and piercing, sexual
J | indulgence, fornication, and/or any other type of social interaction between the sexes is
K | repealed such as the exception under 28 USCA §530(b)(6); and the Laws and Regulations
L | of M.G.L.A §27 §§20, 21, 22, 83 A and 83 B; M.G.L.A 265 §34; M.G.L.A 268 §29; and
M | M.G.L.A 272 §§18 and 36; and 103 CMR 403 (in reference to body jewelry and
N | adult materials), 103 CMR 430 (in reference to tattooes, piercings, consensual sexual
O | interaction between adults (which is not a crime and shouldn't be treated like a crime)
P | and adult materials); and 103 CMR 481 (in reference to adult based material;
Q | and consensual social interaction between male and female prisoners). The transfer
R | to MCI-Framingham is a constitutional right if the Plaintiff is going to be continuously
S | incarcerated and because the Plaintiff has never used a transfer to another
T | correctional facility to violate any form of security while the Plaintiff is not a Staff
U | member of the Department of Correction that it is not his job to control other prisoners
V | and that the Defendants cannot suggest that the Plaintiff will use the transfer and the
W | coeducational correctional facility to violate any form of security and/or suggest that
X | prisoners will violate the security of the prison because it will slander and/or libel the
Y | Plaintiff and subject him to the actions of other prisoners (especially when only the Plaintiff
Z | as a prisoner is the only prisoner suing which means that he only speaks for himself) so

Page 8
Lines

as to subject the Plaintiff to the infliction of cruel and unusual punishment in violation of **A**

the Fourth Eighth and Ninth Amendments of the United States Constitution; and even if **B**

18 U.S.C.A.§1791 (d)(1)(G) could be used to define transfer as an object that because **C**

an object is not a living entity that an object can not act on its own without relying **D**

on a living entity to do act on its own to which says that an object can't act on its **E**

own and so that means that a transfer to a coeducational facility does not violate any **F**

form of security. Aside from this, the Plaintiff which had referred to M.G.L.A. 125§1(d) **G**

to show how a correctional facility is a building of rehabilitation (in that M.G.L.A. 125§1 **H**

(d) states "correctional facility"; any building, enclosure, space or structure used for the **I**

custody, control, and rehabilitation of committed offenders and of such other persons as may be **J**

placed in custody therein in accordance with law) that as a right under Due Process of Law **K**

the Plaintiff is entitled to transfer to MCI-Framingham because reintegration into the society of **L**

the general community is part of rehabilitation and that because society is coeducational that **M**

in order for the Plaintiff to be properly rehabilitated that he needs to transfer to MCI-Framing- **N**

ham to create a coeducational environment so that he is already used to a structuralized form **O**

of the society of the general community. Lastly, when the Plaintiff was arrested that he had **P**

possessed a Sony Ericsson Xperia X10i smartphone, and of which has "disappeared" along **Q**

with some jewelry, so because the Defendants feel that the Plaintiff needs to be here longer **R**

especially after most of his property "disappeared" after his arrest after about 30 **S**

days that they Defendants have made themselves responsible to replace what the **T**

Plaintiff had intended on replacing because the Defendants have interfered with the **U**

Plaintiff's ability to replace his missing things; and although the Plaintiff also had an **V**

Alienware Area 51 laptop computer, Apple Macbook Pro laptop computer in White, Apple iPhone 4 **W**

smartphone 32 GB, Apple iPod Touch 64 GB media player, and 2 Sony PSP 1001 series **X**

(1 from Japan (White), 1 from USA (Black)) video game consoles (which the computers were a **Y**

trade for an HP Compaq NX9420 (with 1.83 Ghz processor), Dell Inspiron 300 Mini, and a Dell **Z**

Axim X50v Personal Desk Assistant (P.D.A.); the Apple iPhone 4 was a trade for an HTC G1 **Ø**

Page 9

Lines

A  smartphone, HTC HD2 smartphone, and an HTC Hero smartphone; the Apple iPod Touch 64GB

B  was a trade for a Microsoft Zune 80 GB media player and a Microsoft Zune Touch 16 GB

C  media player; and the Sony P.S.Portables (PSP = PlayStation Portable) with a trade for a

D  Nintendo DS video game console, a Game Boy Advance video game console, and a Game Boy

E  Advance SP video game console) and the Plaintiff also had an Apple iPad 16 GB (wifi

F  only) in Black (that he had bought used in December 2010) and a Wenger Swiss Army

G  backpack and a Swiss Army (Wenger) Stainless Steel watch with time and date; that

H  the Plaintiff will only argue his ability to have a cell phone, a computer, clothing, and

I  jewelry and hold the Defendants responsible for providing the Plaintiff the things

J  that he would have worked to provide for himself with the money that the Plaintiff

K  sues the Defendants for. 18 USCA § 1791 (d)(1)(E) and (d)(1)(F) refers to currency and

L  a cell phone and as objects that the Plaintiff have not attempted to use illegally that for

M  the reasons named in this complaint that until he uses them illegally that he can't be

N  denied of them; and because the Plaintiff is not a child that he shouldn't be forced to act

O  like act in the deprivation of adult material; and although the Plaintiff loves to play

P  video games that he still knows how to conduct himself as an adult. This means that

Q  18 USCA § 1791 (d)(1)(E), (d)(1)(F), and (d)(1)(G) (until (d)(1)(G) states "any other

R  object that is designed with the purpose of being a weapon that is meant to hurt, maim,

S  kill, and/or poison any person and/or any living entity that acts in the benefit of the

T  rehabilitation of prisoners and/or the safety and/or the security of a correctional facility")

U  and (b)(4) (is removed as a punishment) are unconstitutional and should be removed

V  and repealed.

W  12) M.G.L.A. Const.Amend. Art 46.

X  Act.XLVI. Substitute for Eighteenth Article of Amendment.

Y  ART. XLVI (In place of and substitution for article XVIII of the articles of amendment of the

Z  constitution.)

Ø  [See Amend. Art. 18 for text]

M.G.L.A. Const. Amend. Art 18

Art.XVIII. Free Exercise of Religion; support of public schools; use of public money or credit for
schools and institutions (in the applicable parts):

Section 1. No law shall be passed prohibiting the free exercise of religion.

. . .

Section 4. Nothing herein contained shall be construed to deprive any inmate of a publicly
controlled reformatory, penal or charitable institution of the opportunity of religious exercises of his
own faith; but no inmate of such institution shall be compelled to attend religious services or
receive religious instruction against his will, or, if a minor, without the consent of his parent or
guardian.   [END]

103 CMR 471.07 Inmate Access to Religious Services and Programs (in the applicable parts):

(1) General The rights of inmates to practice their religious beliefs, or to confer with the clergy person
of an accredited religious group shall not be abridged, provided that these activities do not
threaten the safety, security, and orderly running of the institution. Specifically, subject to
subsequent provisions of this policy, the following shall apply:

. . .

(6) No inmate shall be required or expected to attend any religious services or programs,
or to adhere to any religious belief. [END]

M.G.L.A. 127 §88 (in the applicable parts) §88 Religious Services:

An inmate of any prison or other place of confinement shall not be denied the free exercise of his
religious belief and the liberty of worshipping God according to the dictates of his conscience in the
place where he is confined; and he shall not be required to attend any service or religious
instruction other than that of his own religious belief... [END]

M.G.L.A. 125 §1 (in the applicable parts) §1 Definitions:

As used in this chapter and elsewhere in the general laws, unless the context otherwise
requires, the following words shall have the following meanings:

. . .

Page 11
Lines
A (c) "committed offender", a person convicted of a crime and committed, under sentence, to a

B correctional facility;

C (d) "correctional facility", any building, space, enclosure or structure used for the custody,

D control and rehabilitation of committed offenders and of such other persons as may be placed in

E custody therein in accordance with law;

F (e) "correctional institution", correctional facility;

G ...

H (i) "inmate", a committed offender or such other person as is placed in custody in a

I correctional facility in accordance with law;

J (j) "institution", facility;

K (k) "penal institution", correctional facility;

L (l) "prison", correctional facility;

M (m) "prisoner", a committed offender and such other person as is placed in custody in a

N correctional facility in accordance with law;

O ... [END]

P 13) In Bollenbach v. Board of Education 659 F.Supp 1450 at 1453 BACKGROUND

Q "... The Village is an incorporated village under the jurisdiction of the District. All residents of the

R Village are Hasidic Jews, known as the Satmar sect. The UTA is the international school system

S providing education to Hasidic students. In accordance with the tenets of Hasidic religious observance,

T which prohibits social interaction between the sexes, the UTA maintains separate schools for males

U and females." [END]

V M.G.L.A. 127 §22 (in the applicable parts) §22 Separation of Prisoners; Minors:

W Male and female prisoners shall not be put or kept in the same room in a jail or house of correction...

X except while at labor or assembled for moral or religious instruction, at which time no communication

Y shall be allowed between prisoners of different classes. [END]

Z M.G.L.A. 268 §29 (in the applicable parts) §29 Delivery, or permission of delivery, by officers,

Ø of alcoholic beverages, to prisoners; keeping together prisoners of different sexes or classes:

| | Page 12<br>Lines A |
|---|---|
| A sheriff, jailer, superintendent of a house of correction or officer of a correctional institution | |
| who, under any pretense, ... places or keeps together prisoners in his custody of different | B |
| sexes or classes, contrary to section twenty-two of chapter one hundred and twenty-seven, | C |
| shall forfeit twenty-five dollars for the first offense and fifty dollars for any offense | D |
| committed subsequent to the first conviction, and, upon such second conviction, shall be | E |
| removed from office, and be ineligible to hold the office of sheriff, deputy sheriff, jailer, | F |
| superintendent or keeper of any correctional institution for five years thereafter. [END] | G |
| M.G.L.A. 127 § 20 (in the applicable part) § 20 Classification of prisoners; approval: | H |
| There shall be established... a reception center for all male prisoners... Any male convict | I |
| who is sentenced to any correctional institution of the commonwealth.... shall be delivered | J |
| by the sheriff or other officer authorized to execute sentence to said center for the purpose | K |
| of proper classification of the prisoner. Classification of female prisoners shall be made at | L |
| the Massachusetts Correctional Institution, Framingham... [END] | M |
| M.G.L.A. 127 § 83B (in the applicable part) § 83B Removal of prisoners to camp; permit to be | N |
| at liberty; escape: | O |
| The commissioner may remove to any camp so established any prisoner held in a | P |
| correctional institution of the commonwealth except the Massachusetts Correctional | Q |
| Institution, Framingham... [END] | R |
| M.G.L.A. 127 § 21 (in the applicable part) § 21 Classification of prisoners in jails and | S |
| houses of correction; approval: | T |
| The Sheriffs and the penal institutions commissioner of Boston may so classify prisoners | U |
| sentenced and committed to jails and houses of correction, with reference to their sex, age, | V |
| character, condition and offenses, as to promote their reformation and safe custody and | W |
| the economy of their support, and to secure the separation of male and female prisoners... | X |
| [END] | Y |
| M.C. v. COMMISSIONER OF CORRECTION 399 Mass 909 at 910 Opinion: | Z |
| " The Plaintiff sought a declaration that G.L. c.127 §§ 83A, 83B and 129C (1984 ed.), violated | Ø |

Page 13.

Lines A art. 1 of the Declaration of Rights of the Massachusetts Constitution, as amended by art. 106 of

B the Amendments (Equal Rights Amendment). A Superior Court judge ruled that G.L.c. 127 §§ 83A

C and 83B were unconstitutional on their face, but upheld the unconstitutionality of

D G.L.c. 127 § 129C. The judge also allowed the Plaintiff's motion for attorney's fees

E and costs ~~strike~~, but did not allow the full amount of fees and

F costs sought by the Plaintiff. The defendant appealed and the plaintiff cross-appealed.

G We transferred the case from the Appeals Court on our own motion. We reverse and

H order dismissal because the case is moot.

I

J When the plaintiff brought this action, she was serving two concurrent three-to-

K five-year prison sentences at the Massachusetts Correctional Institution at Framingham

L (MCI-Framingham). The plaintiff requested a transfer to the forestry prison camp at

M the Massachusetts Correctional Institution at Plymouth (MCI-Plymouth), but her

N request was denied because MCI-Plymouth is an all-male facility. Since there are

O no prison camps in Massachusetts for female prisoners, the plaintiff had no

P opportunity to earn the two and one-half days of extra good time credits to which

Q prison camp inmates are entitled under G.L.c. 127 § 129C. The plaintiff's sentence was

R reduced to time served, and she was released after serving approximately eight months.

S The defendants moved for summary judgment, but the judge rejected the defendants'

T claim that the case was moot, concluding that the issues were "capable of repetition

U yet evading review." After ruling that G.L.c. 127 §§ 83A and 83B, unconstitutionally

V discriminated on the basis of sex, [at 911]: the judge ordered the offending language

W struck from the statute and awarded costs and attorney's fees to the plaintiff. The

X judge further ruled that § 129C was gender neutral and did not violate the Equal

Y Rights Amendment.

Z The judge erred in denying the defendants' motion for summary judgment because the

Ø case became moot when the prisoner was released from prison."

Footnotes

Page 14
Lines A

1 The Plaintiff brought this action individually and on behalf of all women prisoners in Massachusetts correctional institutions. The plaintiff's children joined the action individually and on behalf of all children of women prisoners in Massachusetts correctional institutions. The trial judge denied class certification to both the plaintiff and her children, and dismissed the action brought individually by the children.

2. The trial judge granted motions to dismiss two of the other defendants, the Superior Court Department of the Trial Court and the Commissioner of Probation. The Superintendent of Massachusetts Correctional Institution at Framingham was also named as a defendant, but did not appeal." [END]

Bollenbach v. Board of Education 659 F. Supp. 1450 at 1475. CONCLUSION " This Court finds that altering the assignment of routes to accommodate the religious needs of the Hasidim would violate the Establishment Clause."

M.G.L.A. 272 §36   §36 Blasphemy:
Whoever willfully blasphemes the holy name of God by denying or cursing, or contumeliously reproaching God, his creation, government or final judging of the world, or by cursing or contumeliously reproaching Jesus Christ or the Holy Ghost, or by cursing or contumeliously reproaching or exposing to contempt and ridicule, the holy word of God contained in the holy scriptures shall be punished by imprisonment in jail for not more than one year or by a fine of not more than three hundred dollars, and may also be bound to good behavior.

M.G.L.A. 272 §18 § 18 Fornication:
Whoever commits fornication shall be punished by imprisonment for not more than three months or by a fine of not more than thirty dollars

M.G.L.A. 265 §34 §34 Tattooing body of person by other than qualified physician; punishment:

B
C
D
E
F
G
H
I
J
K
L
M
N
O
P
Q
R
S
T
U
V
W
X
Y
Z
∅

Page 15
Lines A  Whoever, not being registered as a qualified physician under section two of chapter one hundred

B  and twelve, or corresponding provisions of earlier laws, marks the body of any person

C  by means of tattooing, shall be punished by a fine of not more than three hundred dollars

D  or by imprisonment for not more than one year, or both.

E

F  Everson v. Board of Education 330 U.S.1, 15, 67 S. Ct. 504, 511, 91 L. Ed 711(1947)

G  " Neither a State nor the Federal Government can set up a church. Neither can pass laws

H  which aid one religion, aid all religions, or prefer one religion over another. "

I  Cantwell v. Connecticut, 310 U.S. 296, 303, 60 S. Ct 900, 903, 84 L.Ed. 1213(1940),

J  the Supreme Court stated:

K  " The fundamental concept of liberty embodied in the [Fourteenth] Amendment.

L  embraces the liberties guaranteed by the First Amendment. The First Amendment

M  declares that Congress shall make no law respecting an establishment of religion or

N  prohibiting the free exercise thereof. The Fourteenth Amendment has rendered the

O  legislatures of the States as incompetent as Congress to enact such laws..."

P  Grand Rapids School Dist v. Ball 473 U.S. 373, 381, 105 S. Ct. 3216, 3221, 87 L.Ed.

Q  2d 267 (1985):

R  The Establishment Clause of the First Amendment prohibits States from enacting laws

S  respecting the establishment of religion. The Establishment Clause " is more than a pledge

T  that no single religion will be designated as a State religion... [and] more than a mere

U  injunction that governmental programs discriminating among religions are unconstitutional.

V  [END]

W  Therefore, all of the laws that the Plaintiff has complained about are unconstitutional.

X  Article VI Clause 2 of the United States Constitution: This Constitution and the laws of the

Y  United States which are made in pursuance thereof; and all treaties made or which shall be

Z  made under the authority of the United States, shall be the Supreme Law of the Land; and the

Ø  Judges in Every State shall be bound thereby; any Thing in the Constitution or Law of any State to

the Contrary notwithstanding.

Lastly, such Laws, Rules, Regulations, and/or Practices that are complained of in this complaint are unconstitutional and violate the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments and of Article VI of the United States Constitution.

## CONCLUSION AND PRAYER FOR RELIEF

The Plaintiff requests that the Court:

(a) Declare that if and what the parties named in this complaint are entitled; and if the Plaintiff is entitled to the reliefs named in the complaint.

(b) ORDER a permanent injunction against the enforcement of the laws, rules, regulations and/or practices that are named in this complaint; and the creation and/or enforcement of any relevant and/or associated Laws, Rules, Regulations, and/or Practices.

(c) ORDER that the Plaintiff is transferred to MCI Framingham and treated equally as any other prisoners; and ORDER that the Plaintiff is allowed to be equally housed as any other prisoner and cannot be treated differently based on his gender; and ORDER that a permanent injunction is made against the forcefully applied system of separating males from females (and vice versa) and denying them any form of consensual social and sexual interaction in any correctional institution in the State of Massachusetts, and within the jurisdiction of this Court.

(d) ORDER that the Defendants are each responsible for paying the Plaintiff $10,000.00 but only if each Defendant that intends on paying $10,000.00 to the Plaintiff does not answer this complaint when it is served with the summons under this civil action during the 21 days that each Defendant has to answer the summons and this complaint; and the Court should ORDER that each Defendant pay $50,000.00 to the Plaintiff but only when the Defendants do decide to respond as a whole and only when the Defendants fail to provide a sufficient argument against the Plaintiff after when the Defendants do decide to answer this complaint with the summons after

Page 17

Lines A | it has been served; and this Court should ORDER that the Defendants use some

B | of the money that they will give the Plaintiff for each Defendant to contribute

C | altogether into providing the following items materials and services to the

D | Plaintiff:  An Apple Macbook Air laptop computer with a 17 inch screen in the

E | newest model (available by the decision that is final in this civil action) in Black;

F | a Razer Blade laptop computer (in the May 2013 design : 2.8 Ghz Intel Core i7,

G | 2640M processor; 4GB DDR3 RAM; 256 GB SSD; Nvidia Ge Force GTX 555, 1GB

H | GDDR5 AGP; 104 key backlit keyboard (with Neon Green backlight) with 6 OLED

I | buttons, a 640 x 480 pixel touchscreen touchpad at the right of the keyboard, set in

J | a Black color with a 17 inch screen) and a 256 GB Razer Edge Pro tablet

K | computer with Game Pad both from www.razer-zone.com; a Sony PlayStation

L | Portable Vita (3G/Wifi version) with 3 video games (Dragon's Sword; Dynasty

M | Warriors; Star Wars : Battlefront 2); a Samsung Galaxy S6 Edge smartphone in Black

N | with a 2 year completely unlimited mobile phone, messaging, and data plan (that is

O | completely Paid for) from T-Mobile; an Apple iPhone 6 Plus smartphone itself,

P | in Black; a Samsung Galaxy Note 4 phablet with a pair of Master & Dynamic

Q | MH40 headphones with all music albums from Cold War Kids, Nine Inch Nails, and

R | La Roux made available by the date of this complaint; a Cargo Rucksack in

S | Woodland Camouflage from www.grunt.com; a Seiko Prospex Flight

T | Computer wristwatch with a 10 inch band; a pair of En Noir leather pants

U | in full black size 42 W 36 L; and a pair of Demonia Reaper 30 boots in a custom

V | size (size 16).

W | /Respectfully Submitted/

Signed

Lines A

B

C

Pro Se          Dated: July 29, 2015          D

E

Miguel A. Morales Jr (W100576)          F

P.O. Box 100          G

S. Walpole MA 02071          H