**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

**MIGUEL A. MORALES, JR.,**                    )
                                               )
                    **Plaintiff,**             )
                                               )
          **v.**                               )          **Civil Action No. 15-12946-DJC**
                                               )
**JUDGE KATZMANN, et al.,**                    )
                                               )
                    **Defendants.**            )
_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                              July 13, 2016

For the reasons set forth below, this action is dismissed without prejudice for failure to either pay the civil case filing fee or file an application to proceed in district court without prepaying fees or costs.

### BACKGROUND

Plaintiff Miguel A. Morales, Jr. ("Morales"), an inmate now confined to the Special Management Unit at MCI Concord, initiated this action on July 10, 2015 without payment of the filing fee or seeking a waiver thereof.   D. 1.

Less than three weeks later, on July 27, 2015, Morales filed a motion to amend accompanied by a proposed amended complaint.   D. 4.   The Court granted Morales' motion to amend.   D. 5.   By Memorandum and Order dated March 3, 2016, Morales was advised that to proceed with this action (1) he either shall (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.   Id.   Morales was advised that the amended complaint failed to state a civil rights

1

claim against the three state court judges, the assistant district attorney and the legal intern for the district attorney.   Morales was advised that, to the extent seeks damages based on the outcome of proceedings in the Massachusetts state courts, this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.   Id.   Morales was granted until April 14, 2016 to address the filing fee issue and show cause why his amended complaint should not be dismissed.   Id.

Eight days after the Court imposed deadline of April 14, 2016, Morales filed "Motion to Answer the Court" on April 22, 2016.   D. 8.   In this filing, Morales restates the facts and arguments alleged in his amended complaint and contends that the Rooker-Feldman doctrine is unconstitutional. Id.   Morales also explains that he is "juggling three civil actions, two in district court and one in the Appeals Court."   Id. at p. 1.   Morales explains that when he "did not receive an immediate response regarding [his] last complaint [he] initiated this civil action."   Id. at p. 2.

## DISCUSSION

As an initial matter, the Court notes that Morales' response was not timely filed.   Morales' "Motion to Answer the Court" is dated April 15, 2016, and it was received on April 22, 2016.   Even with the application of the "prison mailbox" rule,[1] the response is one day late.

More significantly, however, Morales has failed either to pay the filing fee required for a civil rights complaint or, in the alternative, to move for leave to proceed without prepayment of the filing fee.

Accordingly, the action is dismissed in its entirety, without prejudice, for Morales' failure to pay the filing fee or obtain *in forma pauperis* status in this matter.[2]

---

[1]Under the "prison mailbox rule," a pleading is deemed filed on the date the prisoner delivers it to prison officials for mailing.   See DeLong v. Dickhaut, 715 F.3d 382, 385 (1st Cir. 2013).

[2]Even if the Court were to consider Morales' untimely response, the Court notes that he failed to

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1)      In accordance with this Court's order dated March 3, 2016, this action is DISMISSED without prejudice for failure to either pay the civil case filing and administrative fees or file an application to proceed in district court without prepaying fees or costs; and

2)      The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

  /s/ Denise J. Casper
Denise J. Casper
United States District Judge

demonstrate good cause why this action should not be dismissed.